## S99A1173. STURKEY v. THE STATE.
(522 SE2d 463)

FLETCHER, Presiding Justice.

Rodney R. Sturkey was convicted of felony murder in connection with the shooting death of Bruce Dillard.[1] Sturkey contends that the

---

[1] The shooting occurred on June 24, 1994, and Sturkey was indicted on November 1, 1994. A jury found him guilty on June 1, 1995, and the trial court sentenced him to life

trial court should have allowed evidence of a threat that Dillard made two weeks before the shooting. Although we conclude that the out-of-court statement was not hearsay and should have been admitted into evidence, we find the threat was cumulative of other evidence on the animosity between the two men and its exclusion was harmless error. Therefore, we affirm.

1. The evidence presented at trial shows that Sturkey admitted shooting Dillard, but asserted that he shot in self-defense. Sturkey obtained a gun on June 22, reported to police on June 23 that Dillard had threatened to kill him, and shot Dillard the following day. Sturkey's neighbor testified that she saw the two men having a friendly conversation when Sturkey suddenly shot three times rapidly and Dillard ran trying to dodge the bullets. She yelled to her children to get down, and one bullet grazed her cheek and landed in her kitchen. She did not see anything in Dillard's hands. Other witnesses testified that Dillard did not have a shirt on that day and did not have a gun either before or after he was shot. The pathologist testified that the cause of death was a gunshot wound to the chest. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Sturkey guilty of the crime charged.[2]

2. Sturkey complains that the trial court erred in excluding testimony of a threat that Dillard made against him to a mutual friend. Patrick Elder, a defense witness, testified outside the presence of the jury that two weeks before the shooting Dillard "was telling me he was going to do him [Sturkey] in." Elder subsequently told Sturkey: "Man, watch your back, because Bruce talking about he trying to do you." While the defendant contended that the statement was admissible to show the victim's state of mind as the aggressor, the trial court concluded that it did not meet the necessity exception to the hearsay rule.

Whether an out-of-court statement is hearsay depends on the use of the statement at trial. OCGA § 24-3-1 defines hearsay as evidence that "does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." However, when conversations and similar evidence "are facts to explain conduct and ascertain motives," OCGA § 24-3-2 provides that they shall be admitted in evidence "not as hearsay but as original evidence." Thus, we have previously held that evidence of a death

imprisonment. After being granted an out-of-time appeal, Sturkey filed a motion for new trial on July 14, 1995, which was denied on December 1, 1998. Sturkey filed a notice of appeal on December 28, 1998. The case was docketed in this court on May 10, 1999, and submitted for decision without oral arguments on July 5, 1999.

[2] *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

threat against the defendant was not hearsay when it was offered to explain the defendant's reason for purchasing a gun.[3] Similarly, we have allowed evidence of threats made by a victim against the defendant, even when they have not been communicated to the defendant, to show the victim's state of mind at the time of the shooting.[4] In these situations, the credibility issue is not whether the person who makes the out-of-court statement is credible, but whether the out-of-court statement was made.[5]

In this case, we conclude that the evidence of Dillard's threat two weeks before his death was not hearsay under Georgia law because it did not depend on Dillard's credibility and was not offered to prove the truth of his statement. Rather, the defendant offered the evidence to show the victim's threatening attitude towards him. Contrary to the state's contention, the witness's credibility is not a basis for excluding his testimony, but instead is a question for the jury.

Although Elder should have been permitted to testify about the threat, we conclude that the trial court did not commit reversible error in excluding the evidence. There was ample other evidence that Dillard was a violent person who had threatened the defendant. Both prosecution and defense witnesses said that Dillard often carried a gun. Two defense witnesses testified that Dillard had beaten a man with a pistol and threatened to kill him, and a third witness repeated threats that he heard Dillard make to Sturkey within three days of the shooting. The defendant testified that Dillard put a nine-millimeter pistol in his face the day before the shooting and threatened to kill him. Sturkey reported the threat to police, who testified about his call. Finally, a defense witness also stated that two minutes before the shooting he heard Dillard say he was going to kill Sturkey and saw Dillard with a gun going towards Sturkey's apartment. Given this substantial evidence of Dillard's prior threats and violent acts, it is highly probable that the exclusion of Elder's testimony about one more threat did not affect the verdict.[6] Therefore, its exclusion was harmless error.

*Judgment affirmed. All the Justices concur, except Sears and Hunstein, JJ., who concur in judgment only as to Division 2.*

DECIDED OCTOBER 18, 1999.

*Thomas R. Moran,* for appellant.

---

[3] See *Strickland v. State*, 257 Ga. 230, 232 (357 SE2d 85) (1987).

[4] See *Dixon v. State*, 256 Ga. 658, 660 (352 SE2d 572) (1987).

[5] See Paul S. Milich, Georgia Rules of Evidence §§ 17.1, 17.13 (1995).

[6] See *Shaw v. State*, 241 Ga. 308, 309 (245 SE2d 262) (1978) (exclusion of evidence of victim's conviction was harmless error when there was ample evidence of victim's hostility towards the defendant's family).

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General*, for appellee.