S03A0820. CORNELL v. THE STATE.
(587 SE2d 652)

FLETCHER, Chief Justice.

Wilmer Cornell appeals from his convictions for malice murder and possession of a firearm during the commission of a felony.[1] Cor-

---

[5] *Miranda*, 384 U. S. 436.

[1] The crimes occurred on October 14, 2000. On January 9, 2001, Cornell was indicted for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony. On October 18, 2001, a Fulton County jury convicted Cornell on all counts. The felony murder conviction was vacated by operation of law. Cornell was sentenced to life in prison for the malice murder and to five consecutive years for the possession. Cornell filed a timely motion for new trial on November 7, 2001. He amended his motion for new trial on August 29, 2002, which was denied on November 12, 2002. Cornell filed his timely notice of appeal on December 9, 2002. This case was docketed in this Court on February 21, 2003, and submitted on the briefs on April 14, 2003.

nell claims that his trial counsel was ineffective in failing to request a charge on accident and in not presenting an expert witness to refute an expert for the State. Because trial counsel was not ineffective, we affirm.

1. The evidence at trial showed that on October 14, 2000, the victim got into a fight with Cornell's brother outside of a strip club. Cornell's brother called Cornell at home and told him about the incident. Cornell got his gun, joined his brother outside the strip club, and they both searched for the victim. Cornell testified that the victim ran at them and pulled up his shirt, which made Cornell think that he had a gun. Cornell shot him once in the chest. Although Cornell claims that he shot only to scare the victim and to "back him off," witnesses testified that before shooting Cornell told the victim that no one was going to mess with his brother. Cornell also stood over the victim and prepared to shoot him again, but was dissuaded by one of the witnesses.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Cornell was guilty of the crimes for which he was convicted.[2]

2. Cornell claims that his trial counsel was ineffective in not requesting a jury charge on accident.[3] In order to prove ineffective assistance of counsel, Cornell must prove that his trial counsel was deficient, and that but for the deficiency, there is a reasonable probability that the outcome of his trial would have been different.[4] There is a strong presumption that counsel was not deficient.[5]

Cornell's trial counsel was not deficient in failing to request a jury charge on accident because the facts do not support such a defense. Cornell's intentional firing of the gun at the victim, even if only intended to scare the victim and "back him off," does not invoke the defense of accident.[6]

3. Cornell also claims that his trial counsel was ineffective by failing to present an expert witness to refute a State's expert on the type of firearm used in the shooting. The State's expert testified that the murder weapon was a revolver from which spent cartridges must be ejected manually. The State argued at trial that Cornell showed malice by taking the time to manually eject the spent cartridge and

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 16-2-2 provides the defense of accident.

[4] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[5] Id. at 689.

[6] See *Berry v. State*, 267 Ga. 476, 478 (480 SE2d 32) (1997) (defendant's testimony that he fired to defend himself and scare the victim did not invoke the defense of accident); *Scott v. State*, 261 Ga. 611, 612 (409 SE2d 511) (1991) (no trial court error in failing to charge on accident when undisputed that defendant intentionally pulled the gun's trigger).

leave it at the victim's feet after shooting him. Cornell claims that this scenario was not possible because he used a semi-automatic pistol that ejected spent cartridges automatically.

Trial counsel was not deficient in choosing to cross-examine the State's expert on this issue rather than calling her own expert. Trial counsel's "decision to avoid the battle of the experts and rely upon cross-examination of the State's experts" is an acceptable tactic if not "patently unreasonable."[7] Counsel's decision in this trial was not patently unreasonable.

4. Cornell claims that the introduction of a photograph of the victim during life was error. Such photographs are admissible for comparison with photographs of the victim after death to prove the identity of the victim.[8] The trial court did not abuse its discretion by admitting this photograph into evidence.

5. Cornell's final enumeration of error is that the indictment charged him with aggravated assault by use of a deadly weapon, but the trial court also charged the jury on aggravated assault by use of "any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." This claim is moot because the aggravated assault conviction merged as a matter of fact into the malice murder conviction, and because Cornell was not sentenced on aggravated assault or a count which relied upon it.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 20, 2003.

*Zell & Zell, Rodney S. Zell,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General,* for appellee.

---

[7] *Canada v. State,* 275 Ga. 131, 133 (562 SE2d 508) (2002).

[8] See *Davis v. State,* 255 Ga. 598, 606 (340 SE2d 869) (1986).