S08A1692. McDOUGAL v. THE STATE.
(667 SE2d 592)

MELTON, Justice.

Following a jury trial, Howard Lewis McDougal appeals his convictions for murder, armed robbery, kidnapping, and possession of a firearm,[1] contending that the evidence was insufficient to support the verdict and that he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, on May 7, 2000, McDougal and his accomplice, Allan Johnson, drove to a convenience store to commit a robbery. Once there, McDougal entered the store, sat at an arcade game, and observed the store while Johnson waited outside in his car. Once McDougal felt comfortable, he summoned Johnson. Upon reentering the store, McDougal forced the store clerk at gunpoint to lock the store's door and give him the contents of the cash register. McDougal then forced the clerk to lay on the floor and shot him in the back of the head, thereby killing him. McDougal and Johnson then fled the store, locking the door behind them and turning out the lights.

Johnson testified at trial, recounting the robbery and the murder of the clerk by McDougal. In addition, the murder weapon, a gun owned by McDougal, was found in a dumpster outside of the chemical plant where McDougal was employed. Keys to the convenience store and the clerk's car were found at Johnson's home, and

---

[1] On October 6, 2000, McDougal and his co-defendant, Allan Johnson, were indicted for malice murder, felony murder, armed robbery, kidnapping, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. The State sought the death penalty, and following this Court's interim review, see *McDougal v. State*, 277 Ga. 493 (591 SE2d 788) (2004), McDougal was tried before a jury and convicted of all counts against him. Thereafter, McDougal was sentenced to life imprisonment without the possibility of parole for malice murder, life imprisonment for armed robbery, twenty concurrent years for kidnapping, five concurrent years for possession of a firearm by a convicted felon, and five consecutive years for possession of a firearm during the commission of a crime. McDougal's conviction for felony murder was vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). McDougal filed a motion for new trial on June 3, 2004, and amended the motion on April 26, 2006. The trial court denied the motion for new trial on July 18, 2006. McDougal then filed a notice of appeal on August 17, 2006, and an amended notice on April 1, 2008. McDougal's appeal was docketed in this Court on June 25, 2008, and submitted for decision on the briefs.

lottery tickets stolen from the store and ammunition were found at McDougal's home. Also, witnesses testified that, around the time of the shooting, they saw a heavy-set male matching McDougal's description at the convenience store wearing a blue and gold t-shirt with big flowers on it. This t-shirt was later discovered at McDougal's home. In addition, witnesses also gave matching descriptions of Johnson and Johnson's car which was parked in the convenience store's parking lot.

1. This evidence was sufficient to enable the jury to find McDougal guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Griffin v. State*, 280 Ga. 683 (631 SE2d 671) (2006) (evidence sufficient to find aggravating circumstances under OCGA § 17-10-30 (b)).

2. McDougal contends that trial counsel rendered ineffective assistance by failing to call Jeffrey Owens to the stand for the purpose of testifying that McDougal was financially stable at the time of the burglary, thereby reducing any motive to commit the crime. To prove ineffective assistance, McDougal must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to prove one prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV). See also *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004).

It is well settled that "[s]trategic decisions regarding . . . which witnesses to call are within the exclusive province of the attorney after consultation with the client and do not amount to ineffective assistance." (Citation omitted.) *Smith v. State*, 283 Ga. 237, 240 (2) (c) (657 SE2d 523) (2008). At the motion for new trial hearing, McDougal's trial counsel testified that he did not call Owens because (1) he believed that there was already sufficient evidence that McDougal was employed and (2) he feared that, during sentencing, the evidence might "backfire," causing the jury to become enraged that McDougal could kill someone over a few hundred dollars of money he did not actually need. Trial counsel's reasonable strategic decision not to elicit this information from Owens does not comprise ineffective assistance of counsel. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

*David J. Koontz*, for appellant.
*Patrick H. Head*, District Attorney, *Dana J. Norman*, Assistant

*District Attorney, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.