### S09A0228. CARTER v. THE STATE.
(678 SE2d 909)

MELTON, Justice.

Following a jury trial, Antawyn Carter appeals his conviction for the felony murder of his brother, Tamitrea Carter.[1] Antawyn contends that his trial counsel rendered ineffective assistance by failing to pursue the affirmative defense of justification based on the defense of third parties. Because no evidence supported this defense, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, on the evening of August 6, 2006, Tamitrea was arguing with his father, Carey Carter, after the two of them had been drinking together. At that time, Tamitrea was living at home with his parents. At some point, Antawyn was called to come to his parents' home. Antawyn's father, however, told him to go away, and Antawyn and Tamitrea were left outside the house. Neighbors then witnessed the brothers arguing in the street, and Antawyn threatened Tamitrea, "I'll take you out." Antawyn then hit Tamitrea, knocking him to the ground. Tamitrea next got up and began running away from Antawyn towards a stop sign at the end of the street. Antawyn shot Tamitrea as he ran away, hitting him in the back of the head and killing him. Tamitrea's body was discovered in a ditch by the street with a knife laying on the ground nearby. Antawyn later admitted that he shot Tamitrea, but he claimed that it was an accident.

1. This evidence was sufficient to enable the jury to find that Antawyn was guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Antawyn contends that his trial counsel rendered ineffective assistance of counsel by failing to pursue the affirmative defense of justification based on the defense of a third party. More specifically,

---

[1] On August 31, 2006, Antawyn was indicted in Hart County for malice murder, felony murder while in the commission of an aggravated assault, and aggravated assault. Following a jury trial ending on August 2, 2007, Antawyn was convicted for felony murder and aggravated assault, but the jury was unable to reach a verdict in the malice murder charge. On August 3, 2007, Carter was sentenced to life imprisonment for felony murder. The conviction for aggravated assault was merged with the conviction for felony murder for purposes of sentencing, and the trial court declared a mistrial with regard to the malice murder charge. Antawyn's motion for new trial which was filed on August 10, 2007, and amended on August 14, 2007, was denied on September 17, 2008. This appeal was then docketed in this Court on October 21, 2008, and orally argued on February 23, 2009.

Antawyn contends that his trial counsel should have pursued a defense that he shot Tamitrea in order to protect his father, based on a previous threat made by Tamitrea.

> To prove ineffective assistance, [Antawyn] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to prove one prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV). See also *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004).

*McDougal v. State*, 284 Ga. 427, 428 (2) (667 SE2d 592) (2008).

Based on the facts of this case, Antawyn was not prejudiced by his trial counsel's failure to pursue the affirmative defense of justification. OCGA § 16-3-21 (a) provides: "A person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person against such other's *imminent* use of unlawful force." (Emphasis supplied.) Furthermore, "[t]he doctrine of reasonable fear does not apply to any case of homicide where the danger apprehended is not urgent and pressing, or apparently so, at the time of the killing." *Short v. State*, 140 Ga. 780 (3) (80 SE 8) (1913).

In this case, it is undisputed that, at the time that Antawyn shot Tamitrea, both men had fought in the street outside their father's home, their father was inside the home and not with them, and Tamitrea was running away from Antawyn who had pulled out his pistol. There is some evidence from which it could be inferred that Tamitrea was carrying a knife, but there is no evidence that Tamitrea was trying to go to his father's house when he was shot, only that Tamitrea was running away from Antawyn towards a stop sign located at the end of the street. In any event, it is undisputed that Carey Carter was inside his home at the time of the shooting and that, even if we assume that Tamitrea was going towards the house, he was shot before he even reached the front yard. These facts do not support any finding that Carey Carter was in imminent danger from Tamitrea at the time of the shooting. *Brown v. State*, 270 Ga. 601, 603 (2) (512 SE2d 260) (1999) ("because the [third person] was not even present at the time of the shooting, there was no evidence that [the third person] was in any immediate danger from [the defendant]"). The fact that Tamitrea may have made a threat against his father earlier in the evening does not change this

result. Chameckia Sturghill, Antawyn's cousin, testified at the motion for new trial hearing in relation to the ineffective assistance of counsel claim; however, her testimony, the sole evidence of the threat, indicated that the threat occurred at least thirty minutes before the murder occurred.

Because, as a matter of law, the facts of this case do not support a justification defense based on the defense of third persons or the giving of a jury instruction in that regard, it cannot be said that "there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's [failure to pursue such a defense or request such an instruction]." *Brogdon v. State*, 255 Ga. 64, 68 (3) (335 SE2d 383) (1985).

*Judgment affirmed. All the Justices concur, except Sears, C. J., Benham and Hines, JJ., who dissent.*

HINES, Justice, dissenting.

As the majority incorrectly applies the standard regarding whether a jury instruction is warranted by the evidence, I respectfully dissent.

Although the majority declares that, as a matter of law, a jury instruction on justification based upon defense of a third person was not available to Antawyn, the proper legal inquiry is whether there is evidence supporting the instruction, not whether there is evidence from which a jury could reject the asserted defense. *Davis v. State*, 269 Ga. 276 (3) (496 SE2d 699) (1998). Ultimately rejecting or accepting such a defense is the proper province of the jury, not this Court. See *McNeil v. State*, 284 Ga. 586, 588 (1) (669 SE2d 111) (2008).

In stating that no such jury instruction was warranted, the majority focuses upon three factual elements. Even though the majority concedes that there was evidence that Tamitrea was carrying a knife, it states that there was no evidence that Tamitrea was running toward Carey's house, but rather only evidence that he was running away from Antawyn and "towards a stop sign located at the end of the street." However, the majority neglects to mention that Carey's house is located at the end of the street, that there is a stop sign there, and that Tamitrea died at the side of Carey's yard. Further, the evidence at trial was presented with the aid of exhibits, apparently by utilizing a user-controlled video screen display, and much of the testimony regarding the positions of Tamitrea, Antawyn, and the witnesses was done by physical indications to the jury using these exhibits,[2] and these indications upon them have not

---

[2] The exhibits were not always identified individually before questions were asked about them.

been preserved. The exhibits show two stop signs, with Carey's house essentially between them, and the testimonial references to stop signs do not foreclose the conclusion that Tamitrea was running toward a door to Carey's house.[3] Based upon testimony that is preserved in the record, a jury could infer that Tamitrea was running not toward a stop sign, but toward Carey's house.

The majority also states that a jury could not find that there was imminent danger to Carey because he was not "present" at the time of the shooting. The case cited by the majority for the proposition that a third person whom an actor is defending must be "present" to warrant a justification instruction does not illuminate what "present" means in this context. See *Brown v. State*, 270 Ga. 601, 603 (2) (512 SE2d 260) (1999). The evidence was that Tamitrea had reached the side yard of Carey's house, within feet of the structure, and the majority provides no guidance as to just how close to an intended victim a knife-wielding person who has threatened to stab another may be allowed to approach before the danger may be considered imminent. Such a determination should not generally be declared as a matter of law, but should be made by the jury, under the specific facts of the case, and with the proper legal instruction.

Further, the majority notes that Tamitrea's threat to Carey was uttered thirty minutes before the shooting. However, a threat need not be contemporaneous with the defensive use of force for one to reasonably believe that such force is necessary. This Court has long recognized that, even though a threat may have been made well prior to the defensive use of force, the threat is nonetheless relevant to whether the defendant held a reasonable belief that it was necessary to use force to protect himself or another. See *Sturkey v. State*, 271 Ga. 572, 573-574 (2) (522 SE2d 463) (1999); *Shaw v. State*, 241 Ga. 308, 309 (1) (245 SE2d 262) (1978); *Baker v. State*, 142 Ga. 619 (83 SE 531) (1914). See also *McDonald v. State*, 182 Ga. App. 509, 509-511 (1) (356 SE2d 264) (1987).

The evidence would have allowed the jury to infer that Antawyn had a reasonable belief that Tamitrea posed an "urgent and pressing danger" to his father, *Brown*, supra, requiring the use of force to prevent his father's death, or great bodily injury to him. Accordingly, had counsel requested an instruction on justification in the defense of third person, the trial court would have been compelled to give it.[4]

---

[3] Indeed, the written statement one witness gave to investigating officers relates that Tamitrea "ran by the stop sign located by their house" just before he was shot.

[4] That Antawyn was prejudiced by counsel's failure to request the instruction can be seen in the fact that the jury failed to reach a verdict on the charge of malice murder, indicating at least some reasonable doubt regarding Antawyn's state of mind.

Of course, to prevail on a claim of ineffective assistance of counsel, Antawyn must show both prongs of the test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). And here, there is no question that counsel's performance was deficient. While "[t]here is a 'strong presumption' that counsel's performance fell within a 'wide range of reasonable professional conduct' and that counsel's decisions were 'made in the exercise of reasonable professional judgment,' [cit.]," *Turpin v. Helmeci*, 271 Ga. 224, 226 (518 SE2d 887) (1999), here the presumption is certainly overcome.

Counsel completely ignored the defense of justification. Rather, counsel asserted to the jury that it should consider the shooting to be an accident; "an accident" is how Antawyn had described the fatal events to a law enforcement officer, but this characterization was legally incorrect, as counsel should have known. Although counsel requested a jury instruction on the law pertaining to the defense of accident, no such instruction was given; the trial court properly rejected the request, reasoning that an intentional discharge of a firearm cannot support an accident defense, even if it is done to scare another person, which is what Antawyn claimed he did. See *Cornell v. State*, 277 Ga. 228, 229 (587 SE2d 652) (2003).

Counsel testified at the hearing on the motion for new trial that she was surprised when she was presented with case law precluding a jury instruction on accident; that she had not prepared to meet such a challenge to the requested charge; and that she did not have any "Plan B." Antawyn correctly characterizes this as counsel's failure to adequately research the law. And,

> reasonable professional judgment requires proper investigation. [Cit.] Here, counsel did not adequately research the law. [Cit.] The right to reasonably effective counsel is violated when "the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy." [Cit.]

*Turpin v. Helmeci*, supra. Had counsel adequately researched the law, she would have recognized that accident was not a viable defense to the charges Antawyn faced. While great deference is generally given to counsel over matters of trial strategy, "an attorney's strategic decision is not reasonable when the attorney has failed to investigate his [or her] options and make a reasonable choice between them." (Citation and punctuation omitted.) *Turpin v.*

570

*Christenson*, 269 Ga. 226, 239 (497 SE2d 216) (1998).[5]

Counsel could have, and should have, shown at trial that "the circumstances were such as to excite the fears of a reasonable person that [Antawyn's father's] safety was in danger. [Cit.]" *Hunter v. State*, 281 Ga. 693, 694 (2) (642 SE2d 668) (2007). In an interview with an investigating law enforcement officer, Sturghill reported that during a telephone conversation with Antawyn after the shooting, Antawyn told her that Tamitrea had stated that he was going to return to his home and stab their father. Counsel did not question Sturghill about this statement; indeed, counsel did not cross-examine Sturghill at all. At the hearing on the motion for new trial, counsel testified that during the "two or three times" she listened to the audiotape of Sturghill's statement, she did not hear Sturghill report that Tamitrea said that he would stab Carey, but the trial transcript belies counsel's testimony. The trial transcript reveals that counsel sought to have a portion of the tape of Sturghill's statement re-played for the jury, and during the lengthy colloquy on the subject, counsel said, "[w]ell, I'm talking about the part of the tape where [Sturghill] says that Antawyn told her that Tamitrea was going to the house to stab Carey." Thus, it is plain that although counsel knew that evidence existed that Tamitrea had made a threat against Antawyn's father, counsel ignored that fact in preparing and executing Antawyn's defense.[6]

> What does the right to reasonably effective assistance of counsel guarantee the defendant in a criminal trial? "When inadequate representation is alleged, the critical factual inquiry ordinarily relates to . . . *whether the defendant had a defense which was not presented*; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy." [Cit.]

(Emphasis supplied.) *Hawes v. State*, 240 Ga. 327, 329 (1) (240 SE2d 833) (1977). Here, there was a defense available to Antawyn that was never even considered by counsel. And, the failure to consider such defense was not made in the exercise of reasonable professional

---

[5] Despite the lack of any court instruction by which the jury could place her words in context, counsel still argued to the jury that "[w]hat happened with Antawyn and Tamitrea was an accident, and it was exactly the kind of accident that was bound to happen sooner or later."

[6] Counsel also ignored evidence that Tamitrea had a blood alcohol concentration level of 0.228 grams, and made no attempt to connect Tamitrea with the knife found next to his body.

judgment, but was due to inadequate preparation, investigation, and research. *Turpin v. Helmeci*, supra; *Turpin v. Christenson*, supra. Counsel did not evaluate a justification defense and choose another. Compare *Taylor v. State*, 282 Ga. 693, 695-696 (2) (653 SE2d 477) (2007). Rather, counsel ignored justification and pursued a defense of accident, which was clearly unavailable under the facts. Accordingly, Antawyn established both prongs of the test for ineffective assistance of counsel set forth in *Strickland*, supra, and the trial court erred in denying the motion for new trial.

I am authorized to state that Chief Justice Sears and Justice Benham join in this dissent.

DECIDED JUNE 15, 2009.

*Charles E. W. Barrow*, for appellant.

*Robert W. Lavender, District Attorney, James A. Carmichael, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary K. Ware, Assistant Attorney General*, for appellee.