40956. MOON v. THE STATE.
(316 SE2d 464)

WELTNER, Justice.

David Richard Moon shot and killed Robert C. Busby, from ambush, with a shotgun. He was convicted and sentenced to life imprisonment.[1]

The custody of Moon's three sons and a foster child had been awarded to his former wife during divorce proceedings. Moon thereafter sought, unsuccessfully, to obtain custody. Moon said he believed that his former wife provided an unfit and improper environment for the raising of his children, and that her present husband, the victim, was cruel toward them. He once threatened the victim during an exchange of physical custody of the children.

Several days before the homicide, Moon purchased a box of shot-

---

[1] The offense occurred on 9/2/83. Moon was convicted on 2/2/84. Notice of Appeal was filed on 2/8/84. The transcript of evidence was filed on 2/23/84. The appeal was docketed in this court on 3/23/84, and argued on 5/10/84.

gun shells, and stole a camouflaged canoe. On the night before the ambush, he dressed himself in dark clothing and a ski mask, and used the canoe to travel from a secluded spot to a boat ramp near the victim's home. Knowing the time of morning at which the victim could be expected to leave for work, he lay in ambush outside the victim's home, then shot the victim at a distance of five feet, as he walked toward his vehicle in the dim morning light.

Moon then returned by canoe to his vehicle and left the county, attempting to escape to the North Georgia mountains.

After his arrest, Moon admitted shooting Busby. He testified during trial in accordance with his pre-trial statements. His defense was that the homicide was justified by the necessity to protect his children from physical and mental abuse on the part of Busby. The evidence established that the victim had used nothing beyond reasonable disciplinary measures regarding the children.

1. The general grounds are without merit, as the evidence supports the verdict under the criteria of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Moon contends that his written statements should have been excluded from the jury's consideration. The court conducted a Jackson-Denno hearing out of the presence of the jury, after which it expressly found that Moon had waived his Miranda rights, had not requested counsel, and that the statements were given voluntarily. These findings are not clearly erroneous. Cox v. State, 248 Ga. 713 (1) (285 SE2d 687) (1982). Moreover, Moon testified to the substance of his statements during trial, admitted in open court that he would have given the statements regardless of any suggestion by the investigating officers (that he would "feel better" if he confessed), and insisted, in persona, that the statements go into the jury room. His trial strategy, plainly, was to admit the killing and to contend that it was necessary in order to protect his children from the victim. Under these circumstances, we will not countenance — on appeal — Moon's suggestion that the trial court's admission of the statements was error. Brawner v. State, 250 Ga. 125, 126 (296 SE2d 551) (1982); Tyler v. State, 247 Ga. 119, 122 (274 SE2d 549) (1981); Wisecup v. State, 157 Ga. App. 853 (2) (278 SE2d 682) (1981).

3. Moon's remaining enumerations, relating to the court's initial instructions, the additional instructions given at the request of the jury, and the want of an instruction on voluntary manslaughter, were waived for lack of timely request, objection, or reservation.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 1984.

*Deal & Jarrard, R. Thomas Jarrard,* for appellant.

*Bruce L. Udolf, District Attorney, Donald T. Hunt, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.