## 41379. HEAD v. THE STATE.
(320 SE2d 759)

WELTNER, Justice.

Donald Head was convicted and sentenced to life imprisonment for the death, by choking, of Joyce Godfrey.[1]

1. In his first enumeration of error, Head contends that his confession was coerced, and should have been excluded.

Head made two statements to police officers, the second of which was incriminating. Regarding this statement, the trial court held a pre-trial Jackson-Denno hearing, found that Head had waived his *Miranda* rights, and determined that the statement was given voluntarily.

The evidence showed that Head was in custody for approxi-

---

[1] Head committed the murder on February 19, 1983, and was convicted by jury trial on March 29, 1984. He filed his notice of appeal on April 17, 1984. The transcript was filed July 10, 1984, and docketed in this court on July 25, 1984. The case was submitted on September 9, 1984.

mately five hours and was advised fully of his *Miranda* rights prior to making the statement. Head claims he was abused physically prior to the confession, but there was no corroboration of that, and the state's witnesses denied it. The trial court's findings were not clearly erroneous and this enumeration of error is without merit. *Moon v. State*, 253 Ga. 74, 75 (316 SE2d 464) (1984).

2. Head contends that the trial court erred in admitting into evidence copies of a 1979 warrant, indictment, and verdict of acquittal on a charge of burglary with intent to rape.

Generally, of course, evidence of prior criminal conduct is inadmissible. However, in Head's statement he said, "[I]t's just that, you know, I've been accused of rape one time." While Head objected to the introduction of his statement on the ground of voluntariness (Division 1, supra), there was no motion to excise this portion. The trial court did not permit the alleged victim or the arresting officer in the 1979 incident to testify, but admitted the warrant, indictment, and verdict of acquittal as supplementation of Head's statement, which did not indicate the outcome of the prior charge. Because the evidence of his prior acquittal likely worked in his favor, any error was harmless. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 11, 1984.

*James W. Studdard*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Stitcher, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn*, for appellee.