A96A0123, A96A0485. SHY v. THE STATE (two cases).

(470 SE2d 484)

Judge Harold R. Banke.

Joshua Isaac Shy and his brother and co-defendant, Joseph Louis Shy, were convicted of burglary. On appeal, they challenge the sufficiency of the evidence and the propriety of a jury instruction on possession of stolen property. Joshua Shy also enumerates as error a jury charge on impeachment of witnesses in which the court inserted a defense witness' name.

The State's evidence shows that the victim's Oconee County home was burglarized during the day while he was at work. He testified that someone kicked in a door and took numerous items including two rifles, one of which had a scope and a leather strap.

On the morning of the burglary, the son-in-law of the victim's neighbor gave directions to two men who had driven about halfway up the neighbor's driveway. The son-in-law subsequently identified the passenger as Joshua Shy. He could not identify the car or the driver, who had worn a hat, but testified that the driver appeared to be Hispanic or black and had lighter skin than the passenger.

Four nights after the burglary, a police investigator conducting surveillance in Atlanta with high-powered binoculars, observed Joseph Shy exit a car carrying what appeared to be a rifle with a scope and a sling. The officer testified that when Shy ran out of his sight, he radioed for other units to investigate, and within 20 seconds they arrived in Shy's location. However, when the investigator reached the scene several minutes later and observed Joseph Shy in custody standing with his brother by a car the latter had formerly occupied, the rifle could not be found. The car was parked near the home of the brothers' aunt. The officers finally located the rifle after they noticed a spent casing in the car's back seat and checked its trunk, where they discovered two rifles matching the description and the serial numbers of those taken from the victim. Joseph Shy denied possessing any weapons, and Joshua Shy stated that the guns in the trunk belonged to his father. *Held:*

## Case Nos. A96A0123 and A96A0485

1. The evidence, viewed in the light most favorable to the State, was sufficient for a rational trier of fact to find all the essential elements of burglary as to Joshua Shy. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The essential elements of burglary are: (1) entering into the dwelling house of another (2) without authority (3) with the intention of committing a felony or theft. OCGA § 16-7-1 (a); *Hambrick v. State*, 174 Ga. App. 444, 445-447 (1) (330 SE2d 383) (1985). Where a theft is proved, "recent unexplained possession of the stolen goods by the defendant creates an inference or presumption of fact sufficient to convict." *Wells v. State*, 151 Ga. App. 416 (1), 417 (260 SE2d 374) (1979).

The identification of Joshua Shy in the vicinity of the burglary the day it occurred, the discovery of the stolen rifles in the trunk of a car he had occupied, and Joshua Shy's statement that the rifles belonged to his father, coupled with the conflicting testimony of his alibi witness Dedrick Jones, who claimed he was present when Joshua Shy purchased the guns from a foreign black man, provided sufficient evidence to support Joshua Shy's conviction.

However, Joseph Shy's conviction must be reversed. The State presented no evidence connecting him with Oconee County or the burglary. Nor was he discovered with the rifles in his possession. The State presented no evidence that he owned the car in which the rifles were found, and the police investigator could not testify with certainty that the rifle in the trunk was the same gun he saw Joseph Shy carrying. The State's case is further undermined by the fact that when the neighbor's son-in-law initially identified Joshua Shy as the passenger in the car, he stated that the driver had lighter skin; however, the record indicates that Joseph Shy has darker skin than his brother. In addition, we reject the State's contention that Joshua Shy's presence in Oconee County and his statements about the ownership of the guns constitutes evidence of Joseph Shy's guilt. Taken as a whole, the evidence simply is not sufficient to allow a rational trier of fact to find all the essential elements of burglary. It raises a suspicion, but "[a] conviction cannot rest upon mere suspicion. [Cit.]" *Curtis v. State*, 150 Ga. App. 507, 508 (258 SE2d 247) (1979). Therefore, the following divisions apply only to Joshua Shy.

### Case No. A96A0123

2. We reject Joshua Shy's argument that the pattern jury charge given on recent unexplained possession of stolen goods shifted the burden of proof to him. The charge, or its functional equivalent, has long been approved and has been found not to shift the burden of proof. *Collins v. State*, 193 Ga. App. 526 (1) (388 SE2d 391) (1989).

Moreover, the evidence relating to Joshua Shy discussed in Division 1 corroborates the inference which arose by finding the stolen rifles in the car he had occupied. In addition, the court gave a full and accurate charge on burden of proof.

We also reject the argument that the four-day time span between the burglary and the arrest was not sufficiently "recent" to warrant the charge. Whether the possession was recent is a jury question. *Funderburk v. State*, 195 Ga. App. 441, 442 (2) (393 SE2d 727) (1990); see *Dearmore v. State*, 196 Ga. App. 865, 867 (4), 868 (397 SE2d 200) (1990), overruled on other grounds, *McCoy v. State*, 262 Ga. 699, 701 (2) (425 SE2d 646) (1993).

3. The insertion of the name of Dedrick Jones, Joshua Shy's alibi witness, into the jury charge on impeachment of witnesses was not reversible error.[1] After Jones testified, the State recalled the investigative officer and followed the statutory procedure for impeachment on general bad character, asking the officer whether he was familiar with Jones' reputation and whether he would believe Jones under oath. OCGA § 24-9-84. The charge simply acknowledged the fact that Jones was the only witness impeached under OCGA § 24-9-84. The court further instructed the jury that it did not intend to express any opinion on the facts in the case or the credibility of witnesses. Notwithstanding Shy's contrary contention, the trial court at no time suggested that it found Jones' testimony less than credible or otherwise impermissibly commented on the evidence by simply recognizing that character evidence was offered as to only one witness. See *Mullinax v. State*, 255 Ga. 442, 445 (4) (339 SE2d 704) (1986); *Willis v. State*, 214 Ga. App. 479, 481 (5) (448 SE2d 223) (1994).

*Judgment affirmed in Case No. A96A0123. Judgment reversed in Case No. A96A0485. Andrews and Smith, JJ., concur.*

DECIDED MARCH 28, 1996.

*Anthony T. Pete, D. Todd Wooten*, for appellant (case no. A96A0123).

*Jimmie E. Baggett, Jr.*, for appellant (case no. A96A0485).

*Harry N. Gordon, District Attorney, James D. Love, Assistant District Attorney*, for appellee.

---

[1] The judge charged as follows: "Now, ladies and gentlemen, to impeach a witness is to prove the witness is unworthy of belief. A witness may be impeached by disproving the facts to which the witness testified or [with] proof of contradictory statements previously made by the witness as to matters relevant to the witness's testimony and to the case or proof of general bad character as applied with respect to the witness, Dedrick Jones. Whether or not that has been proved or not is a matter for your determination. I have no comment on that."