A04A2173. SHACKELFORD v. THE STATE.
(606 SE2d 22)

BLACKBURN, Presiding Judge.

Following a jury trial, Mark Shackelford appeals his conviction for voluntary manslaughter, arguing that the trial court erred in

excluding prior violent acts by the victim. We hold that the trial court did not abuse its discretion in excluding this evidence, and we therefore affirm.

Shackelford does not dispute that he killed his brother by beating him with a board while the two were fighting about the brother's treatment of their mother. Shackelford, however, raised two defenses below: the killing was justified under OCGA § 16-3-21 as an act of self-defense, and Shackelford was temporarily insane at the time.

In presenting his claim of self-defense, Shackelford testified as follows. He was angry with his brother for remarks the brother made to their mother and announced to a compatriot that he was going to beat his brother. He intended to take a gun to confront his brother and was dissuaded from doing so by his compatriot, whom Shackelford then asked to assist in the anticipated confrontation. Over his mother's protests, Shackelford and the compatriot went to her home to confront the brother, whom Shackelford found sitting in her driveway.

In the presence of the compatriot and the mother, Shackelford and his brother argued until the brother became angry and obtained a board from the nearby garage, which the brother used to jab Shackelford. The brother dropped the board back into the garage, and the two began wrestling and fighting. The two voluntarily broke up the fight at least twice, only to start again. During a final encounter, Shackelford feared for his life because his brother was choking him. He testified, however, that he remembered nothing from the time of the choking until he heard his mother screaming as he was inflicting the last blow on his brother with the same board.

The mother testified that during the final encounter, Shackelford escaped from his brother's grasp and, leaving the brother held down by the compatriot, "lightning quick" ran into her garage only feet away, obtained the board, and began beating the brother as he was held down on the driveway. The compatriot confirmed this testimony, differing only in the respect that the compatriot released the brother immediately before the first blow when Shackelford told the compatriot to get out of the way. The first blow rendered the brother inert, and multiple blows to his head resulted in his death.

Shackelford testified at length about previous violence inflicted on him by his brother, including his brother's (a) striking him with a crutch, a two-by-four, a skillet, and a lamp; (b) knocking him into a stream, swinging at him with a piece of firewood, and striking his injured eye with a fist; (c) punching him over a disagreement involving a woman; and (d) knocking his head into a dresser, resulting in several stitches. He also attempted to admit evidence about his brother's violence against third persons, but the trial court disallowed this evidence on the ground that Shackelford did not make a

prima facie showing of justification. Finding that there was slight evidence (but not a prima facie showing) of self-defense, the court charged the jury on justification. The jury found Shackelford guilty of voluntary manslaughter, and he moved for a new trial, which was denied.

1. Shackelford's primary argument on appeal, which serves as the basis for all his enumerations of error, is that the trial court erred in disallowing his proffered evidence of violence by his brother against third persons. He argues that not only did he make the requisite prima facie showing of justification, but also that the slight evidence of justification that authorized the jury charge on such should have alone sufficed to authorize the admission of the proffered acts of violence.

The standard in reviewing a trial court's decision to exclude prior acts of violence by the victim is whether that decision constituted an abuse of discretion. *Williams v. State.*[1] The applicable principle of law in the present case is that although a victim's character is not generally admissible as evidence, an exception exists when the defendant asserts a defense of justification. Id. at 815 (2) (a). "Under this exception, a defendant may present evidence of the victim's specific acts of violence against the defendant and third persons. Such evidence is admissible to show the victim's character for violence or tendency to act in accordance with his or her character as it relates to the defendant's claim of justification." Id.

A defendant may not introduce such evidence, however, unless he first makes a prima facie showing of justification. *Graham v. State.*[2] "To make this prima facie showing, the defendant must show that the victim was the aggressor, that the victim assaulted the defendant, and that the defendant was honestly seeking to defend himself." (Punctuation omitted.) *Robinson v. State.*[3]

Here, the court found that Shackelford made a prima facie showing that his brother was the aggressor and that his brother assaulted him. But the court found that Shackelford did not make a prima facie showing that he was honestly seeking to defend himself. Evidence supported this finding since Shackelford did not dispute the evidence that: (a) once he escaped his brother's grasp and his brother was restrained by the compatriot, Shackelford did not flee but rather ran into the garage, retrieved the board, returned to the scene, and forcefully struck his brother with the board before his brother could rise from the ground; (b) after the first blow with the board, which

---

[1] *Williams v. State*, 237 Ga. App. 814, 815 (2) (515 SE2d 875) (1999).

[2] *Graham v. State*, 274 Ga. 696, 698 (3) (558 SE2d 395) (2002).

[3] *Robinson v. State*, 275 Ga. 143, 144 (3) (561 SE2d 823) (2002).

rendered his brother inert, he continued to strike his brother's head multiple times with the board over the screamed protests of his mother; and, (c) he could not recall any of the circumstances or events (including his state of mind or intent) during the time he retrieved and struck his brother repeatedly with the board. Indeed, when cross-examined about whether he was honestly seeking to defend himself, Shackelford testified:

> Q. Are you disputing the fact that you struck him more than four times?
> A. No.
> Q. And you are not telling us that during all this striking you were honestly trying to defend yourself, are you?
> A. I'm not telling you anything. I can't tell you anything about that —
>
> . . .
>
> Q. Mr. Shackelford, are you telling us that you were honestly trying to defend yourself when striking your brother?
> A. I cannot tell you anything about striking my brother other than what I read and heard.
> Q. So you are not telling us that you were trying to defend yourself because you can't remember; right?
> A. I can't tell you what was going through my mind at that time because I have no memory of it.

Thus, Shackelford's own testimony does not show that he was honestly acting in self-defense at the time he struck the killing blows. Nor does the circumstantial evidence show such, since Shackelford had escaped any immediate danger from his brother when he decided to go and retrieve the board and to return to strike his restrained brother, and since he continued to strike his brother even after the brother lay inert on the ground. Failure to show this third prong of the required prima facie showing defeats a defendant's attempt to show that the victim previously acted violently toward others. *Haynes v. State*.[4] Thus, even though Shackelford showed that his brother was the aggressor and assaulted him, his failure to show that he was honestly seeking to defend himself at the time he killed his brother precluded a prima facie showing of justification and authorized the court to deny his proffered evidence of violent acts by his brother against third persons. *Felder v. State*.[5] The trial court did not abuse its discretion in excluding evidence of prior violent acts by the victim.

---

[4] *Haynes v. State*, 234 Ga. App. 272, 274 (2) (507 SE2d 151) (1998).
[5] *Felder v. State*, 273 Ga. 844, 846 (4) (545 SE2d 918) (2001).

2. Shackelford claims that the trial court erred in applying a more stringent standard when determining whether prior violent acts by the victim were admissible than the standard it applied when determining whether to charge the jury on justification. This was not error.

As set forth above, generally, evidence of a victim's character is not admissible. *Williams*, supra at 815 (2) (a). Only when the defendant makes the three-pronged prima facie showing of justification may he employ this rule's exception and introduce prior violent acts by the victim. See *Haynes*, supra at 274 (2). Moreover, the defendant also bears the burden of proving that he has met the notification requirements for introducing the evidence and that he has established the existence of the prior violent acts by competent evidence. Id. at 273-274 (2).

On the other hand, slight evidence is all that is needed to authorize a jury charge on *any* subject, including self-defense or justification. *Koritta v. State.*[6] This is a substantially more liberal standard, and thus the Supreme Court of Georgia has affirmed a conviction where the trial court instructed the jury on justification but excluded evidence of prior violent acts by the victim where the defendant failed to make the required showings. See *Graham*, supra at 697-698 (1), (3). See also *Robinson*, supra at 144-145 (3). The law's understandable reluctance to allow character evidence of the victim except under strict circumstances may not be confused with its more liberal willingness to require that the jury be charged on all subjects raised by the evidence. Shackelford's attempt to compare apples to oranges fails.

3. Finally, even if the court had erred in excluding the evidence of the victim's violence against others, such error was harmless. Shackelford testified at length about his brother's numerous prior acts of violence against him. Evidence of additional prior acts of violence against others would have been cumulative, and it is highly unlikely that such evidence would have altered the verdict. See *Peterson v. State;*[7] *Marks v. State.*[8]

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED SEPTEMBER 22, 2004 —
RECONSIDERATION DENIED OCTOBER 8, 2004 — 

---

[6] *Koritta v. State*, 263 Ga. 703, 704-705 (438 SE2d 68) (1994).
[7] *Peterson v. State*, 274 Ga. 165, 168 (2) (549 SE2d 387) (2001).
[8] *Marks v. State*, 210 Ga. App. 281, 283 (1) (435 SE2d 703) (1993).

*Carey, Jarrard & Walker, Christopher J. Walker III, Lucy K. Henry*, for appellant.

*Jason J. Deal, District Attorney, Alison W. Toller, Lindsay H. Burton, Assistant District Attorneys*, for appellee.