### S09A0294. ALEXANDER v. THE STATE.
(675 SE2d 23)

CARLEY, Justice.

A jury found Mazzetti Alexander guilty of malice murder, felony murder, two counts of aggravated assault and four counts of possession of a firearm during the commission of a crime. The trial court entered judgments of conviction on the malice murder count and one of the firearm counts and sentenced Alexander to life imprisonment for the murder and five years in confinement for the firearm offense. The felony murder verdict was vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). The remaining offenses were merged into the malice murder. The trial court denied a motion for a new trial, and Alexander appeals.*

1. Construed most strongly to support the verdicts, the evidence shows that Alexander and Tiffany Davis had a verbal confrontation, during which Alexander shot and killed Ms. Davis with a handgun. Alexander threw down the gun and fled from the scene. Witnesses called the police and identified Alexander as the shooter. A short time later, the gun was recovered from the scene and Alexander was apprehended. He told a Georgia Bureau of Investigation special agent that he carried the gun for protection and he admitted that he had killed the victim. Alexander stated that when the victim arrived at the scene she had her hands in her back pockets and began walking toward him, that she did not threaten or push him, but gestured at him with one hand and asked if they had a problem, that he responded to her, and that he then got scared and shot her. The evidence is sufficient to authorize a rational trier of fact to find Alexander guilty beyond a reasonable doubt of murder and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

We note that Alexander also challenges the sufficiency of the evidence supporting the guilty verdicts as to the other charged offenses. However, the trial court did not enter judgment of convic-

---

* The crimes occurred on December 3, 2006, and the grand jury returned an indictment on February 2, 2007. The jury found Alexander guilty on October 17, 2007, and the trial court entered judgment on October 29, 2007. A motion for new trial was filed on October 30, 2007, amended on February 26, 2008, and denied on April 29, 2008. Alexander filed a notice of appeal to the Court of Appeals on May 5, 2008, and the Court of Appeals transferred the appeal to this Court on October 29, 2008. The case was docketed in this Court on November 5, 2008, and oral argument was held on February 9, 2009.

tion or sentence Alexander for any of those offenses. Therefore, we need not address the sufficiency of the evidence with regard to those offenses. *Carter v. State*, 269 Ga. 420, 422 (2) (499 SE2d 63) (1998).

2. Alexander claims that the trial court erred in excluding evidence of the victim's general reputation for violence and for carrying a gun, which he claims he learned of from his girlfriend. The general rule is that a victim's character and reputation for violence are irrelevant and inadmissible in a murder trial. *Traylor v. State*, 280 Ga. 400, 401 (2) (627 SE2d 594) (2006); *Woods v. State*, 269 Ga. 60, 63 (5) (495 SE2d 282) (1998). However, there is an exception and such evidence is admissible when the defendant makes a prima facie showing that the victim was the aggressor, that the victim assaulted the defendant, and that the defendant was honestly trying to defend himself. *Traylor v. State*, supra at 401-402 (2); *Woods v. State*, supra.

In this case, Alexander arguably made a prima facie showing that the victim was the aggressor based on evidence that she walked up to him and yelled at him about whether they had a problem. However, Alexander failed to make the requisite showings that the victim assaulted him or that he was honestly trying to defend himself when he shot the unarmed victim. "Since Appellant failed to make the prima facie showing of self-defense, the trial court correctly [excluded the evidence]. [Cit.]" *Arthur v. State*, 275 Ga. 790, 792 (3) (573 SE2d 44) (2002).

3. Alexander contends that the trial court erred in failing to instruct the jury that the State had the burden of disproving his affirmative defense of justification beyond a reasonable doubt.

> However, where, as here, there is no request for a charge on the State's burden to disprove the defense and "the trial court charged 'the jury on the elements of the defense of [justification], the presumption of innocence, the burden of proof in general, criminal intent, and the burden to prove the elements of the crimes alleged in the indictment,' the trial court did not err in failing to give an additional charge on the State's burden to disprove the defense of [justification] beyond a reasonable doubt. (Cit.)" [Cit.]

*Shadron v. State*, 275 Ga. 767, 769 (2) (573 SE2d 73) (2002).

Moreover, while not specifically limited to the defense of justification, the trial court did charge the jury that "[w]hen a defense is raised by the evidence, the burden is on the State to negate, or disprove it, beyond a reasonable doubt." Because the jury charge as a whole did not impermissibly shift the burden of proof to the defendant, the omission of a specific charge on the State's burden to disprove the justification defense is not error. See *Palmer v. State*,

247 Ga. App. 586, 587 (1) (544 SE2d 215) (2001).

4. Alexander claims that the trial court erred in refusing his request to charge the jury on the concept of merger of offenses. This claim is without merit because it is not the jury's role to resolve the legal issue of whether offenses merge. "As this charge concerns an issue which must be resolved by the court, not the jury, the trial court did not err by refusing to give the requested charge." *Sanders v. State*, 212 Ga. App. 832 (2) (442 SE2d 923) (1994).

Furthermore, Alexander's additional claim that the trial court somehow erred in entering judgment on all eight counts of the verdict is simply incorrect. As recited above, the trial court correctly convicted and sentenced Alexander only for malice murder and one of the firearm counts.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 9, 2009.

*Ann Marie Fitz*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Layla H. Zon, Assistant District Attorney, Thurbert E. Baker, Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.