## A09A1554. LAVIGNE v. THE STATE.
### (683 SE2d 656)

MILLER, Chief Judge.

A Clayton County jury convicted Richard Dale Lavigne of two counts of theft by deception (OCGA § 16-8-3), two counts of theft by conversion (OCGA § 16-8-4), and four counts of violating the Georgia Securities Act of 1973 (OCGA § 10-5-12). Lavigne filed a motion for new trial, which the trial court denied. Lavigne now appeals, arguing that the trial court erred in (i) not charging the jury on OCGA § 10-5-12 (d) (5); and (ii) failing to merge the theft by conversion counts and the securities violations counts. Finding that the theft by conversion counts did not merge with the securities violations counts as a matter of law or fact, we affirm.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the evidence shows that in July 2004, Lavigne approached Bob Zimmerman about a real estate investment proposal whereby Lavigne's companies would purchase "scab" lots, i.e., lots that were originally built out in subdivisions, but were the least desirable and left vacant by the builder. Thereafter, Lavigne's companies would buy houses and move them from other locations onto the scab lots, and remodel and refurbish them. Zimmerman testified that once the houses were completed, Lavigne's company would list the houses for sale, and the profits from the sale would then be divided equally between Lavigne's companies and Zimmerman, as an investor. Zimmerman agreed to invest $65,000 in such venture, believing it to be a prudent investment, and the two entered into an agreement for Lavigne to purchase a lot located on Gloucester Court ("Gloucester") in Clayton County as well as a home to be moved onto the lot and subsequently remodeled for resale purposes. At that time, Zimmerman made an initial payment of $20,000. Lavigne had explained to Zimmerman that the vacant lots were viable for building lots, and that houses in the Gloucester neighborhood were selling in the $100,000 to $120,000 range.

Thereafter, Zimmerman made two installment payments to Lavigne's company, R. D. L. Construction, but later learned that no

work had commenced on the Gloucester lot when he drove by the property. Zimmerman testified that he had no knowledge that Lavigne sold the Gloucester lot without a house on it, which Lavigne later admitted.

Lavigne, as president of R. D. L. Construction, entered into a similar agreement with Andrew Bailey, under which Bailey agreed to invest the sum of $75,000 toward Lavigne's purchase of a scab lot located on Homestead Road ("Homestead") in Stockbridge, a house to be placed on the lot, and remodeling expenses for the home. Bailey made installment payments under the agreement totaling $75,000.

Despite his agreements with Zimmerman and Bailey, Lavigne used the funds both men paid him for his own personal use, including for tithes to two churches in excess of $5,000, service on his Volvo of $2,321.01, a tuxedo purchase of $403.52, numerous cash advances, and various payments to creditors. Zimmerman and Bailey did not authorize the use of their monies for Lavigne's personal expenses or for the purchase of additional property in Atlanta with their funds.

1. Lavigne contends that the trial court erred in failing to charge the jury on OCGA § 10-5-12 (d)[1] because the securities violations in Counts 1 and 2 alleged conversion. Given that conversion is not an essential element of OCGA § 10-5-12 (a) (2) (A) and the indictment did not charge a violation of OCGA § 10-5-12 (d), we disagree.

"In reviewing an allegedly erroneous jury instruction, we apply the plain legal error standard of review." (Citation and punctuation omitted.) *White v. State*, 291 Ga. App. 249, 251 (661 SE2d 865) (2008).

Count 1 of the indictment alleged a violation of OCGA § 10-5-12 (a) (2) (A), stating that Lavigne

unlawfully and willfully employ[ed] a device, scheme and artifice to defraud Brad Zimmerman when, prior to inducing Brad Zimmerman to give the accused $65,000 as an investment, [Lavigne] stated to the purchaser that the investment funds would be used to develop real estate, when in fact, [Lavigne] converted said investment funds to his own personal use. . . .

Count 2 alleged an identical violation of OCGA § 10-5-12 (a) (2) (A), with the exception that the victim was Bailey and the investment sum was $75,000.

---

[1] Lavigne's trial commenced on April 14, 2008. The version of the statute that was in effect at that time was OCGA § 10-5-12 (2008). This statute was substantially revised on July 1, 2009.

The essential elements of a securities violation under OCGA § 10-5-12 (a) (2) (A) consist of the following: that a person (1) in connection with a sale of securities, (2) employs a device, scheme and artifice to defraud. Although Counts 1 and 2 refer to Lavigne "convert[ing] [the] investment funds to his own personal use," this language is merely explanatory, as conversion is not an essential element of the securities violations alleged in these counts. Compare OCGA § 10-5-12 (d) (5) ("it shall be unlawful to [m]isappropriate, convert, or improperly withhold any funds . . . in connection with an offer or sale of any security").

Here, Lavigne did not request a written charge on OCGA § 10-5-12 (d) (5) or specifically object to the trial court's failure to give such instruction following the completion of the jury charge. The general rule is that "where no written request for a jury charge has been filed, the failure to give that charge is not error." (Citation and punctuation omitted.) *Clay v. State*, 232 Ga. App. 656, 658 (2) (503 SE2d 560) (1998). Moreover, since Counts 1 and 2 alleged violations of OCGA § 10-5-12 (a) (2) (A), a jury charge on OCGA § 10-5-12 (d) (5) was not authorized. The failure of the trial court to give an unrequested charge on OCGA § 10-5-12 (d) (5) was not "a substantial error in the charge which was harmful as a matter of law." OCGA § 5-5-24 (c). Thus, Lavigne has waived his right to contest this issue on appeal. OCGA § 17-8-58 (b); *Metz v. State*, 284 Ga. 614, 620 (5) (669 SE2d 121) (2008) (defendant's failure to object to charge on accomplice testimony at the conclusion of the jury charge resulted in waiver).

2. Lavigne contends that, contrary to OCGA § 16-1-7 (a) (2), the trial court erred in failing to merge the securities violations counts into the theft by conversion counts because the former alleged specific instances of conduct generally prohibited by the latter. OCGA § 16-1-7 (a) (2) (multiple convictions and punishments for one crime is improper). We are not persuaded.

Whether two offenses should be merged is a question of law, and we apply a "plain legal error" standard of review. See *Sharma v. State*, 294 Ga. App. 783, 784 (670 SE2d 494) (2008).

OCGA § 16-1-7 (a) (2) precludes multiple convictions where one crime differs from another "only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct."

Lavigne specifically argues that the phrase "in connection with the sale of securities, to wit, an investment contract," alleged in Count 1, is a specific instance of the phrase alleged in the theft by conversion counts, i.e., "an agreement to make a specified application of such funds or a specified disposition of such property." Inasmuch as these phrases do not allege any type of *conduct*, we find

no violation of OCGA § 16-1-7 (a) (2). The aforementioned phrases are merely descriptive of the subject matter of the two offenses and fail to allege any type of general or specific conduct.

Nor do we find that the securities violations counts merge with the theft by conversion offenses as a matter of law. The gravamen of theft by conversion is the intent to "knowingly convert[ ] the funds . . . to [one's] own use" in violation of an agreement for "a specified application of such funds." OCGA § 16-8-4. On the other hand, OCGA § 10-5-12 (a) (2) (A) requires proof of the intent to defraud. Therefore, because proof of theft by conversion requires proof of an element not contained in OCGA § 10-5-12 (a) (2) (A), the offenses do not merge as a matter of law. See *Branan v. State*, 285 Ga. App. 717, 720 (2) (a) (647 SE2d 606) (2007) (theft by taking does not merge with violation of OCGA § 10-5-12 (a) (2) (C) because the two statutes require proof of different elements); *Jaheni v. State*, 285 Ga. App. 266, 270 (2) (b) (645 SE2d 735) (2007) (charges that "involve different proscribed conduct" and have "distinctive elements" do not merge as a matter of law) (punctuation omitted).

Further, to determine whether the securities violations factually merge with the theft by conversion offenses, we apply the "required evidence" test espoused by *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006). Under this test, in order to determine whether there are two offenses or one, we examine "whether each provision requires proof of a *fact* which the other does not." (Emphasis supplied.) Id.

The securities violations charges required proof of a scheme or artifice to defraud another person, here, a real investment opportunity as inducement to secure funds from Zimmerman and Bailey. The theft by conversion counts required no such proof. Instead, the proof required to show theft by conversion was evidence that Lavigne spent Zimmerman and Bailey's funds for his own personal expenses. Additionally, the State could have proven theft by conversion with evidence that Lavigne sold the Gloucester lot without placing a home on the lot and selling the property because it was done without Zimmerman's knowledge. Since the State had to prove separate facts to find Lavigne guilty of the theft by conversion offenses and the violations of the Georgia Securities Act, the two offenses do not factually merge. *Drinkard*, supra, 281 Ga. at 215; *Branan*, supra, 285 Ga. App. at 720-721 (2) (b). Further, the securities violations counts were complete before the thefts by conversion occurred. *Jones v. State*, 279 Ga. 854, 857 (3) (622 SE2d 1) (2005) ("[I]f one crime is complete before the other takes place, the two crimes do not merge [as a matter of fact].") (citations and punctuation omitted).

We also reject Lavigne's contention that merger of the two offenses was proper on the basis that theft by conversion was a lesser

included offense of OCGA § 10-5-12 (d). Since the indictment did not allege a violation of OCGA § 10-5-12 (d) (5), this claim lacks merit. As discussed in Division 1, the indictment alleged a violation of OCGA § 10-5-12 (a) (2) (A), of which conversion is not an essential element.

For the reasons set forth above, we affirm the trial court's order denying Lavigne's motion for a new trial.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED AUGUST 17, 2009.

*James W. Bradley*, for appellant.
*Tracy G. Lawson, District Attorney, Anece Baxter White, Assistant District Attorney*, for appellee.