## A07A0051. FELDMAN v. THE STATE.
(638 SE2d 822)

BLACKBURN, Presiding Judge.

Following a jury trial, Marcus Feldman appeals his conviction on one count of armed robbery and on three counts of false imprisonment, challenging only the sufficiency of the evidence. As both parents and their daughter identified Feldman as the man who at gunpoint robbed the father, held the family at bay in their home, duct-taped the parents, and detained them all in the basement, the evidence sufficed to sustain the conviction. Accordingly, we affirm.

"In evaluating the sufficiency of the evidence supporting a conviction, this court must view the evidence in the light most favorable to the verdict. The presumption of innocence no longer applies, and we do not weigh evidence or determine witness credibility." (Punctuation omitted.) *Johnson v. State.*[1]

So viewed, the evidence shows that early one morning while the mother left her car running to warm up in the driveway, Feldman entered and hid in the back of that car. When the mother returned to the car and saw Feldman, she ran back to her home but was unable to enter the home before Feldman placed a gun to her back and forced her to allow him and an accomplice to enter the home. Unbeknownst to Feldman, the 12-year-old daughter had seen some of the events and alerted her father, who called police from the parents' bedroom. After duct-taping the mother's mouth, arms, and ankles, Feldman and the accomplice took the mother at gunpoint to the bedroom, where they found the father and daughter. Feldman demanded money from the father, who relinquished a bag containing money to Feldman. Feldman demanded more, and the father took him to a truck outside, where Feldman found the father's gun, which Feldman then gave to his accomplice. Bringing all three victims to the living room, where the father was also duct-taped, Feldman threatened to harm the family; however, police then arrived, causing Feldman and his accomplice to force the family to the basement so that Feldman could try to persuade police that there was nothing amiss. Police saw

---

[1] *Johnson v. State,* 277 Ga. App. 499, 502-503 (1) (627 SE2d 116) (2006).

through the ruse and, promptly arresting Feldman and his accomplice, rescued the family from the basement.

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon."[2] "A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority."[3] As all three victims identified Feldman as the perpetrator of the above acts, Feldman's theft of the father's money at gunpoint as well as his duct-taping the parents and detaining all three victims in the basement suffices to sustain the conviction for armed robbery and three counts of false imprisonment. See *Kegler v. State.*[4]

Feldman argues, however, that the three victims gave conflicting testimony as to the ownership and types of guns used, as to some aspects of the chronology, and as to various other matters. He further points out that he gave exculpatory testimony as to the actual events. Such conflicts in the testimony, even between the State's witnesses, go to the credibility of the witnesses, which is a matter for the jury to resolve. *Johnson*, supra, 277 Ga. App. at 504 (1) (a). "And, the fact that [Feldman] himself testified at trial to a different version of events does not change the result; the jury here was entitled to disbelieve [Feldman's] version of the facts." (Punctuation omitted.) Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Punctuation omitted.) *Grier v. State.*[5]

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED NOVEMBER 14, 2006.

*Thomas S. Robinson III*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

---

[2] OCGA § 16-8-41 (a).
[3] OCGA § 16-5-41 (a).
[4] *Kegler v. State*, 267 Ga. 147, 148 (1) (475 SE2d 593) (1996).
[5] *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) (1995).