A10A1381. HERRERA v. THE STATE.
(702 SE2d 731)

MILLER, Chief Judge.

A Cobb County jury found Miguel Liborio Herrera guilty of armed robbery (OCGA § 16-8-41 (a)) and aggravated assault with intent to rob (OCGA § 16-5-21 (a) (1)), and the trial court sentenced him on each count. On appeal, Herrera claims that (i) the evidence was insufficient to support his convictions, (ii) his trial counsel was

---

ineffective, and (iii) the trial court erred in failing to merge the aggravated assault conviction into the armed robbery conviction. We find that the evidence was sufficient to support Herrera's convictions and that he did not receive ineffective assistance of counsel. The offense of aggravated assault with intent to rob, however, was included in the offense of armed robbery as a matter of fact. Accordingly, we affirm in part and vacate in part and remand the case for resentencing.

1. Herrera contends that the evidence was insufficient to convict him of armed robbery and aggravated assault. We disagree.

> On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We neither assess the credibility of the witnesses nor weigh the evidence, but instead determine only whether a rational trier of fact could have found each of the elements of the crime proven beyond a reasonable doubt.

(Footnote omitted.) *Caraway v. State*, 286 Ga. App. 592 (1) (649 SE2d 758) (2007).

So viewed, the evidence shows the following. The victim was walking across his apartment complex at night when a man, later identified as Herrera, called out from behind and told him to stop. When he tried to turn, Herrera shot the victim in the leg, immobilizing him. Herrera's co-defendant, Armondo Herieia,[1] came out of the bushes holding a knife, told the victim not to move, and put his hand inside the victim's pockets. The assailants took between $250 and $300, a cell phone, and a wallet.

The evidence was sufficient for any rational trier of fact to find Herrera guilty of armed robbery and of aggravated assault with intent to rob, as alleged in the indictment. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "[T]he fact that [Herrera] himself testified at trial to a different version of events does not change the result; the jury here was entitled to disbelieve [Herrera's] version of the facts." (Citation and punctuation omitted.) *Feldman v. State*, 282 Ga. App. 390, 391 (638 SE2d 822) (2006).

2. Herrera contends that his trial counsel was ineffective in failing to call Alejandro Marcial as a witness for the defense. We are not persuaded.

"In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense." (Citations and

---

[1] We affirmed Herieia's convictions for armed robbery and aggravated assault in *Herieia v. State*, 297 Ga. App. 872 (678 SE2d 548) (2009).

punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

Herrera testified at trial that his gun discharged during a struggle in a "house of prostitution," and that he was not aware the victim had been hit. Herrera maintained at the hearing on motion for new trial that although Marcial was not present at the shooting Marcial would have supported his trial testimony that the incident in question took place in a brothel.

"The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. The determination as to which defense witnesses will be called is a matter of trial strategy and tactics." (Citation and punctuation omitted.) *Keanum v. State*, 212 Ga. App. 662, 664 (3) (442 SE2d 790) (1994). As shown at the hearing on motion for new trial, Herrera's trial counsel spoke with Marcial during the trial, determined that Marcial had a criminal record, and made a considered decision not to call him as a witness. According to trial counsel, "[t]here was some information there that might have been detrimental, and if [Marcial] had been put on the witness stand, we figured it might not be beneficial for [Herrera]." This testimony authorized the trial court's finding that trial counsel was not ineffective in declining to utilize Marcial as a defense witness. See *Beattie v. State*, 240 Ga. App. 327, 329 (2) (b) (523 SE2d 389) (1999).

3. Lastly, Herrera claims that the trial court erred in not merging his conviction for aggravated assault with intent to rob into his conviction for armed robbery. We agree.

Whether two offenses should be merged is a question of law, and we apply a "plain legal error" standard of review. *Lavigne v. State*, 299 Ga. App. 712, 714 (2) (683 SE2d 656) (2009).

A defendant may not be convicted of more than one crime if one crime is included in the other. See OCGA § 16-1-7 (a). In making this determination we apply the "required evidence" test:

> [T]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

(Punctuation and footnote omitted.) *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006). Here, Herrera was indicted for aggravated assault in that he unlawfully assaulted the victim "with intent to rob by shooting [the victim] in the leg with a handgun." See OCGA § 16-5-21 (a) (1). He was charged with armed robbery by taking property from the victim "by [the] use of an offensive weapon,

to wit: a handgun." See OCGA § 16-8-41 (a). Armed robbery requires proof that property is taken from the victim, a fact not required to establish aggravated assault with intent to rob. But as our Supreme Court has recently held, "there is no element of aggravated assault with intent to rob that is not contained in armed robbery." *Lucky v. State*, 286 Ga. 478, 482 (689 SE2d 825) (2010).

> [A]ggravated assault with intent to rob does not contain a provision that is not a fact which must be proved in armed robbery. Both crimes require proof of an intent to rob, and the "assault" requirement of aggravated assault is the equivalent of the armed robbery requirement that the taking be "by use of an offensive weapon" since "use of an offensive weapon" takes place when the weapon is used as an instrument of actual or constructive force — that is, actual violence exerted on the victim or force exerted upon the victim by operating on the victim's fears of injury to the person, property, or character of the victim.

(Citation and punctuation omitted.) Id.

The State argues that the crimes were separate because the aggravated assault was completed before the armed robbery. See *Gaither v. Cannida*, 258 Ga. 557, 557-558 (1) (372 SE2d 429) (1988) (where one crime is completed prior to second crime there is no merger). As charged in the indictment, however, the State was required to show that the robbery was accomplished by the use of a handgun and that the aggravated assault, also alleged to be accomplished with a handgun, was made with the intent to rob. Compare *Garibay v. State*, 290 Ga. App. 385, 387 (2) (659 SE2d 775) (2008) (defendant indicted for armed robbery and aggravated assault with a deadly weapon). The robbery that was intended by Herrera when he shot the victim in the leg was completed at the same place and approximately the same time as the shooting. Compare *Henderson v. State*, 285 Ga. 240, 244 (4) (675 SE2d 28) (2009) (aggravated assault by pointing gun at victim outside duplex did not merge with subsequent armed robbery inside the duplex). Applying *Lucky*, supra, the assault forming the basis of the aggravated assault with intent to rob was "contained within the 'use of an offensive weapon' element of armed robbery," 286 Ga. at 482, and so the aggravated assault "was established by proof of the same or less than all the facts required to establish the commission of the [armed robbery]." (Footnote omitted.) *Drinkard*, supra, 281 Ga. at 216. It follows that the offenses merge. *Lucky*, supra, 286 Ga. at 482. Accordingly, we vacate the conviction and sentence for aggravated assault and

remand the case for resentencing with direction to merge the aggravated assault count into the armed robbery count.

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. Phipps, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 13, 2010 —

*Lawrence W. Daniel*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.