**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 5, 2012**

# In the Court of Appeals of Georgia

A12A1154. OSBORNE v. THE STATE.

RAY, Judge.

Chase Osborne entered a guilty plea to misdemeanor charges of statutory rape,[1] fornication,[2] and battery.[3] Prior to sentencing, Osborne requested that the trial court merge the statutory rape and fornication offenses for the purpose of sentencing. After the trial court denied his merger request, Osborne proceeded to plead guilty to all three offenses. The trial court sentenced Osborne under the provisions of the First Offender Act[4] to three consecutive 12-month sentences on probation, with the first

---

[1] OCGA § 16-6-3 (a), (c).

[2] OCGA § 16-6-18.

[3] OCGA § 16-5-23.1 (a), (c).

[4] OCGA § 42-8-60.

12 months to be served on house arrest. On appeal, Osborne contends that the trial court erred in denying his motion to merge the offense of fornication with the offense of statutory rape for the purpose of sentencing. Osborne also enumerates as error the trial court's decision to impose consecutive sentences for each offense. For the reasons that follow, we affirm.

The undisputed facts indicate that all of the charges in this case arise from a single sexual encounter between Osborne, then 17 years of age, and the victim, then 15 years of age. On the date of the incident, Osborne went to the victim's house to retrieve a pair of flip-flops. The victim was the only one home at the time. Once inside the house, Osborne sat down next to the victim and asked her if she wanted to have sex. When the victim said no, Osborne got on top of her, grabbed her arms, and had sexual intercourse with her. During this encounter, the victim suffered visible bruising to her arm.

1. Osborne contends that the trial court erred in failing to merge the fornication and statutory rape counts for the purpose of sentencing because the facts supporting the fornication charge were also used to support the statutory rape charge. "Whether

two offenses should be merged is a question of law, and we apply a 'plain legal error' standard of review."[5]

Pretermitting whether the trial court erred in failing to merge the two offenses for the purpose of sentencing, we find that Osborne waived this issue by proceeding with his guilty plea after the trial court declined his merger request. At the plea hearing, the State recommended that Osborne serve "three years, with the first one year on house arrest as a cap; or that the defendant serve three years, with the first 180 days in jail as a cap." Osborne acknowledged that he understood the State's recommendation, and he chose to enter a guilty plea as to all of the offenses and requested that the trial court accept the State's recommendation with regard to house arrest.

Prior to sentencing, Osborne made an oral motion to merge the offenses of fornication and statutory rape. The trial court denied the motion. At that point, Osborne had the absolute right to withdraw his guilty plea.[6] Instead, he chose to

---

[5] (Citation omitted.) *Herrera v. State*, 306 Ga. App. 432, 434 (3) (702 SE2d 731) (2010).

[6] OCGA § 17-7-93 (b); *State v. Evans*, 265 Ga. 332, 336 (3) (454 SE2d 468) (1995).

proceed with his guilty plea and requested that the trial court consider imposing a lesser sentence and smaller fine than that recommended by the State.

As Osborne knowingly and voluntarily pled guilty to each of the crimes for which he was charged, we find that he waived the issue of whether the offenses of fornication and statutory rape merged as a matter of law or fact.[7]

> When a criminal defendant pleads guilty to counts of an indictment alleging multiple criminal acts, and willingly and knowingly accepts the specified sentences as to such charged counts, the defendant waives any claim that there was in fact only one act and that the resulting sentences are void on double jeopardy grounds.[8]

In this case, Osborne chose to proceed with his guilty plea as to all offenses and requested that the trial court accept the State's recommendation with regard to house arrest as an alternative to incarceration. Although Osborne contends that his plea was non-negotiated, this does not alter our conclusion that he waived his right to argue that the counts should have merged.[9] Because Osborne decided to admit to the

---

[7] *Carson v. State*, 314 Ga. App. 225, 228-229 (2) (723 SE2d 516) (2012); *Regent v. State*, 306 Ga. App. 616, 618 (2) (703 SE2d 81) (2010).

[8] *Carson*, supra at 229 (2), citing *Regent*, supra.

[9] *Regent*, supra at 618 (2).

criminal acts in order to avoid trial on the question of his guilt or innocence, he accepted the benefits of this bargain, as well as the portion of the State's plea recommendation with regard to house arrest, and it would be contrary to public policy and the ends of justice to allow him to avoid the consequences of his plea.[10]

2. Based on his claim in Division 1 that the fornication and statutory rape charges should have merged, Osborne contends that the trial court erred in imposing a three-year sentence for misdemeanor offenses, and that the sentences were unlawfully consecutive. Based on our holding in Division 1, and for the reasons set out below, this enumeration fails.

OCGA § 17–10–1 (a) (1) "authorizes the trial court to sentence a defendant to any amount of time within the limits provided by law."[11] In this instance, given the ages of Osborne and the victim, the statutory rape offense is a misdemeanor.[12] The fornication[13] and battery[14] offenses are also misdemeanors. Pursuant to OCGA § 17-

---

[10] *Carson*, supra.

[11] (Citation omitted.) *Baldwin v. State*, 217 Ga. App. 866, 869 (3) (460 SE2d 80) (1995).

[12] OCGA § 16-6-3 (c).

[13] OCGA § 16-6-18.

[14] OCGA § 16-5-23.1 (c)

10-3 (a) (1), each of these offenses have a maximum sentence of 12 months. "There is no constitutionally cognizable right to concurrent, rather than consecutive, sentences. Under Georgia law, whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion, so long as the sentence for each offense is within the statutory limits."[15] As Osborne's sentence falls within the statutory ranges for each offense, this enumeration is without merit.

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*

---

[15] (Citation and punctuation omitted.) *Simpson v. State*, 310 Ga. App. 63, 64 n. 4 (715 SE2d 675) (2011).