# Court of Appeals
# of the State of Georgia

ATLANTA,  February 06, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0380. RONNIE JAMES ALLEN v. THE STATE.**

In 2005, Ronnie James Allen pled guilty to aggravated child molestation (two counts), child molestation, statutory rape and incest. He was sentenced to 30 years on one of the aggravated child molestation counts and 20 years on each of the remaining counts, with some sentences running concurrently and others running consecutively. In 2020, Allen filed a pro se motion to correct sentence.[1] In 2021, he filed a pro se amended motion to set aside or vacate sentence or, in the alternative, for new trial, claiming that (among other things) the sentence is unjust and imposes punishment the law does not allow. The trial court denied his motion, and Allen filed this appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). "Once this statutory period expires, a trial court may modify only a void sentence. A sentence is void if the court imposes punishment that the law does not allow. To support a motion for sentence modification filed outside the statutory time period, therefore, a defendant must affirmatively demonstrate that the sentence imposes punishment not allowed by law. Moreover, a direct appeal does not lie from

---

[1] In 2005, Allen's counsel filed a motion to set aside sentence or for new trial. It does not appear that the motion was ruled upon or that any other such motions were filed on Allen's behalf between 2005 and 2020. We note that "OCGA § 17-10-1 does not grant the court unlimited time in which to modify its sentences." *Latham v. State*, 225 Ga. App. 147, 149 (483 SE2d 322) (1997).

the denial of such motion unless it raises a colorable claim that the sentence is, in fact, void. Allegations that merely challenge the sentencing procedure or question the fairness of a sentence do not raise a colorable claim of voidness and cannot form the basis for a direct appeal." Id. at 348 (citations and punctuation omitted).

When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). In this case, each of the sentences imposed falls within the statutory range provided for that crime.[2] Moreover, "there is no constitutionally cognizable right to concurrent, rather than consecutive, sentences. Under Georgia law, whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion, so long as the sentence for each offense is within the statutory limits." *Osborne v. State*, 318 Ga. App. 339, 341-342 (734 SE2d 59) (2012). Thus, Allen has failed to set forth a colorable claim that his sentence is void, and the trial court's denial of his motion is not subject to direct appeal. As for the denial of Allen's motion for new trial, a motion for new trial is not available after a guilty plea, as there was no trial. See *Davis v. State*, 274 Ga. 865, 866 (561 SE2d 119) (2002).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   02/06/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____, *Clerk.*

---

[2] See OCGA §§ 16-6-3 (statutory rape); 16-6-4 (b), (d) (child molestation, aggravated child molestation); 16-6-22 (incest).