# Court of Appeals
# of the State of Georgia

ATLANTA,  March 09, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1053. WILLIAM E. STUMP v. THE STATE.**

In 2018, William Edward Stump pleaded guilty to homicide by vehicle (two counts), serious injury by vehicle, and driving under the influence, and was sentenced to a total of 40 years, with the first 23 to be served in confinement and the balance on probation. In 2022, Stump filed a motion to correct his allegedly void sentence, arguing that the trial court erred in imposing consecutive sentences and in failing to merge his DUI conviction with the vehicular homicide counts. The trial court denied that motion on September 16, 2022, and Stump filed both a timely direct appeal and an untimely application for discretionary appeal. We dismissed the discretionary application for lack of jurisdiction. *Stump v. State*, Case No. A23D0099 (November 10, 2022). This direct appeal must also be dismissed.

Under OCGA § 17-10-1 (f), a court may modify a sentence only during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as it has here, a trial court may modify a sentence only if that sentence is void — i.e., only if it imposes a punishment that the law does not allow. Id. See also *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) ("[w]hen the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification"). And a direct appeal may lie from an order denying a motion to amend or modify a sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. *Jones*, 278 Ga. at 670. See also *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).

Here, the record before us shows that Stump cannot set forth a colorable claim that his sentence is void. See *Osborne v. State*, 318 Ga. App. 339, 342 (2) (734 SE2d 59) (2012) ("Under Georgia law, whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion, so long as the sentence for each offense is within the statutory limits.") (citation and punctuation omitted); *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010) (defendant's merger claim was a challenge to his conviction, not his sentence). See also *Coleman v. State*, 305 Ga. App. 680, 680 (700 SE2d 668) (2010) (because defendant's claims of error "challenge only the procedures employed in imposing the sentence" entered on his guilty plea, they "do not raise a valid allegation that the sentence was void"). Accordingly, the trial court's order denying Stump's motion to correct his sentence is not subject to a direct appeal, and this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  03/09/2023

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_ , Clerk.