# Court of Appeals
# of the State of Georgia

ATLANTA, May 09, 2023

*The Court of Appeals hereby passes the following order:*

## A23A0705. ARTHUR WILLIAMS, SR. v. THE STATE.

A jury found Arthur Williams, Sr., guilty of rape (two counts), aggravated child molestation (four counts), child molestation (four counts), and incest (two counts), and the court sentenced him on July 15, 2009 to a period of confinement, with all sentences running concurrently. On appeal, we affirmed Williams's convictions and the denial of his motion for new trial. Case No. A13A2442 (decided Feb. 6, 2014). Williams thereafter filed various motions to modify or vacate the sentence and, in September 2020, the trial court entered a "Final Disposition Continuation of Sentence" nunc pro tunc to July 15, 2009, which provided for a period of confinement, with all sentences running concurrently; the court reduced the period of confinement on each of the child molestation counts from 20 years to 19 years, "concurrent to all counts followed by 1 year probation consecutive." In July 2022, Williams filed a pro se motion to vacate the nunc pro tunc final disposition, asserting: "All counts were run concurrent to one another, since the alleged acts involved different elements that are mutually exclusive of the other, the sentence is void." The trial court denied Williams's motion, and he filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). "Once this statutory period expires, a trial court may modify only a void sentence. A sentence is void if the court imposes punishment that the law does not allow. To support a motion for sentence modification filed outside the statutory time period, therefore, a defendant must affirmatively demonstrate that the sentence

imposes punishment not allowed by law. Moreover, a direct appeal does not lie from the denial of such motion unless it raises a colorable claim that the sentence is, in fact, void." Id. (citations and punctuation omitted). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). "Allegations that merely challenge the sentencing procedure or question the fairness of a sentence do not raise a colorable claim of voidness and cannot form the basis for a direct appeal." *Frazier*, 302 Ga. App. at 348.

Williams's motion challenges the court's imposition of one year of consecutive (versus concurrent) sentencing. However, his challenge does not present a colorable claim of voidness because "there is no constitutionally cognizable right to concurrent, rather than consecutive, sentences. Under Georgia law, whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion, so long as the sentence for each offense is within the statutory limits." *Osborne v. State*, 318 Ga. App. 339, 342 (2) (734 SE2d 59) (2012) (punctuation omitted). Because Williams has not raised a colorable void-sentence argument, we lack jurisdiction to review the trial court's denial of his motion. See *Frazier*, 302 Ga. App. at 348.

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   05/09/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ *, Clerk.*