# Court of Appeals
# of the State of Georgia

ATLANTA, June 17, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1757. CHARLIE D. CARTER v. THE STATE.

A jury found Charlie Carter guilty of two counts of child molestation for acts that occurred between 2010 and 2012. The trial court sentenced him to fifteen years' imprisonment on each count, to run consecutively. In 2015, this Court affirmed Carter's convictions in an unpublished opinion. Case No. A15A1285 (Oct. 14, 2015). In 2019, Carter filed a motion to vacate a void sentence, arguing, in relevant part, that he should have received split sentences for his child molestation convictions per OCGA § 17-10-6.2. The trial court granted his motion in part and modified his sentences on each count to fifteen years, with the first fourteen years to serve in prison, followed by one year on probation. The court ordered the sentences to run partially concurrent and partially consecutive, in that the sentences would run consecutively except that the one-year probationary term on the first count would run concurrent with the first year of imprisonment on the second count. In February 2025, Carter filed another motion to vacate a void sentence and a motion to run his sentences concurrently. The trial court denied the motions, and Carter filed a notice of appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted).

When a sentence falls within the statutory range of punishment, it is neither void nor subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id. A direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

In his latest motion to vacate a void sentence, Carter maintained that the trial court erred when it resentenced him because the probated portion of his consecutive sentences for child molestation was not limited to the final consecutive sentence imposed, in violation of OCGA § 17-10-6.2 (b). "A trial court . . . is obligated to sentence a defendant pursuant to the statute in effect at the time he committed his crime." *Thomas v. State*, 371 Ga. App. 250, 251 (1) (899 SE2d 854) (2024) (citation, punctuation, and emphasis omitted). The version of OCGA § 17-10-6.2 (b) in effect at the time Carter committed his sexual offenses simply required that any person convicted of a sexual offense be sentenced to a split sentence, and it did not address the imposition of split sentences in the context of consecutive sentences. See OCGA § 17-10-6.2 (b) (2006). It was only in 2017, after Carter had committed his crimes, that the legislature amended the statute to provide that "when a court imposes consecutive sentences for sexual offenses, the requirement that the court impose a probated sentence of at least one year shall only apply to the final consecutive sentence imposed." OCGA § 17-10-6.2 (b) (2017). And because Carter's modified split sentences for child molestation otherwise fall within the statutory range of punishment, he has not raised a colorable void sentence claim. See OCGA §§ 16-6-4 (b) (1) (2009); 17-10-6.2 (a) (5), (b) (2006).

Moreover, Carter's challenge to the trial court's imposition of consecutive (versus concurrent) sentencing does not present a colorable claim of voidness because "[t]here is no constitutionally cognizable right to concurrent, rather than consecutive, sentences. Under Georgia law, whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion, so long as the sentence for each offense is within the statutory limits." *Osborne v. State*, 318 Ga.

App. 339, 342 (2) (734 SE2d 59) (2012) (citation and punctuation omitted).

Finally, pretermitting whether this claim has properly been preserved on appeal, Carter's argument that his sentences are void because the trial court failed to hold a presentencing hearing is a procedural issue that does not state a valid void-sentence claim. See *Jones*, 278 Ga. at 670-671 ("Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-§ 17-10-1 (f) sentence modification.").

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__06/17/2025_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*