# Court of Appeals
# of the State of Georgia

ATLANTA,  April 27, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1548. JONATHAN DAMIEN REED v. THE STATE.

In 2007, Jonathan D. Reed pleaded guilty to kidnapping, two counts of aggravated assault, and hijacking a motor vehicle. He was sentenced to 20 years for kidnapping, 20 years concurrent for each count of aggravated assault, and 20 years consecutive for hijacking a motor vehicle—for a total sentence of 40 years, serve 20 years, with the remaining 20 on probation. Reed appeals from the denial in part and dismissal in part of his motion to vacate his sentence. We lack jurisdiction.

Reed has previously filed motions challenging his conviction and sentence in the trial court.[1] As relevant here, in a previous motion Reed argued that his sentence for hijacking a motor vehicle was void under OCGA § 16-5-44.1(c)(1), which prohibits probating the punishment for that crime. The trial court denied the motion, finding that the 20 years' probation did not relate particularly to the hijacking offense, but to the other offenses. We dismissed Reed's appeal of that order for failure to file an enumeration of errors and brief. See Case No. A20A0801 (Dec. 27, 2019).

In the motion leading to this appeal, Reed again challenged the hijacking sentence on the same grounds as in the earlier motion. He also challenged the validity of his guilty plea, the imposition of consecutive sentences, and the failure to merge sentences. As to the challenge to his guilty plea, regardless of how a motion is styled, a motion seeking to challenge an allegedly invalid or void judgment of conviction "is

---

[1] See, e.g., Case No. A19A1699 (Apr. 30, 2019) (dismissing appeal because challenge to validity of indictment was unauthorized collateral attack on conviction).

not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Any appeal from an order denying or dismissing such a motion must be dismissed. *Harper v. State*, 286 Ga. 216, 218(1), (2) (686 SE2d 786) (2009). A merger claim likewise cannot be considered in a motion to vacate a sentence and/or a conviction as void. *Nazario v. State*, 293 Ga. 480, 488(2)(d) (746 SE2d 109) (2013).

As to the challenge to the hijacking sentence, "the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) (punctuation omitted). Having already appealed the denial of a post-conviction motion challenging the hijacking sentence, Reed is not entitled to a second such appeal. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (dismissal of previous appeal constitutes binding law of the case, even though appeals court did not reach the merits of the claim).

Finally, an appeal may lie from an order denying a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper*, 286 Ga. at 217(1) n.1. A sentence is void only if it imposes punishment that the law does not allow, typically because the sentence exceeds the most severe punishment allowed by statute. See *Crumbley v. State*, 261 Ga. 610, 611(1) (409 SE2d 517) (1991); *von Thomas v. State*, 293 Ga. 569, 572(2) (748 SE2d 446) (2013). Reed's challenge to the trial court's imposition of consecutive sentences does not present a colorable claim of voidness because "[t]here is no constitutionally cognizable right to concurrent, rather than consecutive, sentences . . . [and] whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion, so long as the sentence for each offense is within the statutory limits." *Osborne v. State*, 318 Ga. App. 339, 342(2) (734 SE2d 59) (2012) (citation and punctuation omitted).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* _04/27/2026_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*